**ORIGINAL**

# In the United States Court of Federal Claims

No. 11-860C
Filed: November 29, 2012

**FILED**
NOV 29 2012
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * *

INNA KROLL,　　　　　　　　　*　　　　Pro Se Plaintiff; Department of
　　　　　　　　　　　　　　　　　　　　Housing and Urban Development
　　　Plaintiff,　　　　　　*　　　　Foreclosure Sale; Earnest Money
　　　　　　　　　　　　　　　　　　　　Deposit; Misrepresentation; Mistake;
　　　v.　　　　　　　　　　*　　　　Contractual Right of Rescission;
　　　　　　　　　　　　　　　　　　　　Preclusion; RCFC 41(a)(1),
UNITED STATES OF AMERICA,　　*　　　　"Two Dismissal Rule"

　　　Defendant.　　　　　　*

* * * * * * *

## ORDER AND OPINION

**HODGES, J.**

　　　Plaintiff paid the Department of Housing and Urban Development an earnest money deposit of $50,000 to support her successful bid on real property at a foreclosure auction. Ms. Kroll decided not to close on the contract because she discovered damage to the property that she had not known of when she entered her bid. HUD refused to return her $50,000 deposit, then sold the property three years later for $5000.

　　　Plaintiff filed suit in this court pro se, asking that we order HUD to return her deposit pursuant to various theories, mostly equitable in nature. Defendant filed a motion to dismiss for failure to state a claim. We must grant defendant's motion because the contract between the parties permits HUD to keep plaintiff's earnest money in the circumstances presented, and for the reasons described below.

## BACKGROUND

　　　The Department of Housing and Urban Development held a foreclosure sale for a housing development in Sunbury, Pennsylvania, in December 2005. Prior to the foreclosure auction, the Department issued an Invitation for Bid on the property, known as Shikellamy

Homes North. The Invitation specified that the property would be sold "as is," and it provided that bidders were required to determine their own value for the property through due diligence.[1]

HUD approved plaintiff's high bid of $559,000, after Ms. Kroll signed a standard form known as Acknowledgment by Bidder. By that form, Ms. Kroll stated that she had "full knowledge of . . . all terms, conditions and requirements contained in [the Acknowledgment by Bidder] and documents referred to herein, the Invitation and Attachments, and the Notice of Default and Foreclosure Sale." Plaintiff also submitted information to HUD regarding her qualifications to own and manage the property as required by the Acknowledgment, and delivered the earnest money deposit of $50,000. The Department notified Ms. Kroll that she had been approved as purchaser of Shikellamy Homes North, in January 2006.

Plaintiff's Acknowledgment by Bidder required her to close on Shikellamy Homes no later than thirty days following HUD's notice approving her as purchaser of the property. When Ms. Kroll did not close on the property before the February 2006 deadline, HUD notified her that it would retain her earnest money deposit and offer the property for sale to another purchaser. Three years later, HUD sold Shikellamy Homes for $5000.

Ms. Kroll sued HUD for return of her $50,000 deposit pursuant to the Federal Tort Claims Act. The Government filed a motion to dismiss in the Middle District of Pennsylvania, noting that Ms. Kroll had not exhausted her administrative remedies before filing her claim. Ms. Kroll accepted a voluntary dismissal of her first Complaint in October 2006, then refiled in December 2006. This time, the Government filed a motion to dismiss on the grounds that

---

[1] The first page of text on the "Introduction and General Information" section of the IFB stated, "BIDDER'S DUE DILIGENCE – Bidders are encouraged to perform their own due diligence to gain a full understanding of the project and the conditions of sale before submitting a bid.
POST-CLOSING REQUIRED REPAIRS . . . While care has been exercised to assure accuracy, all information provided is solely for the purpose of permitting parties to determine whether or not the property is of such type and general character as might interest them in its purchase, and HUD makes no warranty as to the accuracy of such information. The failure of any bidder to inspect, or be fully informed as to the condition of all or any portion of the property being offered, or condition of sale, will not constitute grounds for any claim, demand, adjustment, or withdrawal of a bid."
Section 5 of the document provides the following disclaimer: "Bidders interested in purchasing this project are expected to acquaint themselves with the property, and to arrive at their own conclusions as to: physical condition, number and occupancy of revenue producing units, estimates of operating costs, repair costs (where applicable), and any other factors bearing upon valuation of the property. Any bid submitted shall be deemed to have been made with full knowledge of all the terms, conditions and requirements contained in this Invitation for Bid and in any Addendum hereof."
The Acknowledgment by Bidder, an attachment to the Invitation for Bid, which plaintiff ultimately signed, contained similar disclaimers.
A Rider containing "post-closing repair escrow requirements" listed repairs that a purchaser promised to complete within 24 months of closing estimated to cost $794,466.56.

plaintiff should have filed a contract claim in this court. Ms. Kroll took another voluntary dismissal in district court, and filed a Complaint here in contract for misrepresentation, mistake, and rescission of the earnest money provision. She seeks return of her $50,000 downpayment for purchase of Shikellamy Homes North.

Defendant contends that we must dismiss Ms. Kroll's lawsuit because she has taken two voluntary dismissals before filing here. Plaintiff attempted to meet defendant's objections in district court by filing there twice, then filed here because defendant said that hers is a contract case that could be heard only in the Court of Federal Claims. According to defendant, two voluntary dismissals of her tort claims in district court require that we reject this pro se plaintiff's effort to have her case decided on the merits in this court.

Defendant argues in the alternative that Ms. Kroll fails to state a claim for which this court can grant relief because the contracts she signed place the entire burden of independent due diligence on the buyer, that the property was offered "as is," and that the sole responsibility for determining property values and conditions before the bid was hers. If so, this would be a matter of contract interpretation and a ruling on the merits. The Government also contends that plaintiff failed to state a claim of contract rescission because she did not allege all the elements of that equitable remedy.

## DISCUSSION

Failure to state a claim for which relief may be granted arises in this context where a plaintiff makes a valid claim within the jurisdiction of this court, but does not allege facts sufficient to support that claim. If all allegations of the Complaint are true, nevertheless the plaintiff has not established a prima facie claim for relief. Courts look for sufficiency of the plaintiff's allegations in the complaint, and for the substance of each allegation. For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to oppose a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

*Preclusion*

Res judicata bars Ms. Kroll's claim against the United States for breach of contract because the two-dismissal rule has created a final adjudication on the merits of her action, according to the Government. *See Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 660 (Fed. Cir. 2011) ("[A] final judgment on the merits bars a second action involving the same parties and the same claim."). That is, defendant argues that Ms. Kroll's voluntary dismissal of two previous tort cases filed in the Middle District of Pennsylvania against the Department of Housing and Urban Development, operates as an adjudication of Ms. Kroll's contract claim.

The two-dismissal rule is found at RCFC 41(a)(1), stating:

Voluntary Dismissal By the Plaintiff Without A Court Order
(A) [T]he plaintiff may dismiss an action without a court order by filing:

>      (i) a notice of dismissal before the opposing party serves an answer, a
>      motion for summary judgment, or a motion for judgment on the
>      administrative record . . .
> (B) [I]f the plaintiff previously dismissed any federal- or state-court action based
> on or including the same claim, a notice of dismissal operates as an adjudication
> on the merits.

RCFC 41(a)(1). For these purposes, claims are the same if they involve the same substantive and procedural law; the same right alleged to be infringed by the same wrong; the same evidence supporting the claims; and a common nucleus of operative facts. *See Mosely v. United States*, 15 Cl. Ct. 193, 194 (1988). Defendant contends that because the present suit raises the same claim and involves the same parties, Rule 41 requires dismissal.[2] *See id.* at 193 n.1 ("[T]he doctrine of res judicata is an affirmative defense that goes to whether [plaintiff] can state a claim upon which relief can be granted.").

Ms. Kroll argues that res judicata does not bar the current contract action in this court because her cases in district court were filed as tort claims. Plaintiff contends that Rule 41 therefore does not apply to her claim. Ms. Kroll asserts that this court may hear her contract dispute with the United States under jurisdiction granted by the Tucker Act, which grants the Court of Federal Claims jurisdiction over claims arising under contract with the United States. 28 U.S.C. §1491(a)(1). This court has exclusive jurisdiction over such claims where the amount in dispute exceeds $10,000. *See* 28 U.S.C. § 1346(a)(2).

Plaintiff contends that the case cited by the Government supports her argument that res judicata should not apply here. *See Mosely*, 15 Cl. Ct. at 197. The court in that case found that Rule 41 did not apply given facts similar to these. The court held, "[b]ecause [plaintiff's] cause of action here could not have been raised in the prior district court action, the doctrine of claim preclusion does not bar his suit in this court." *Id.* Where plaintiff was unable to rely on a certain theory or seek a certain form of relief in the earlier case because of the limitations on the subject matter jurisdiction of the courts, the later case would necessarily be different than the earlier cause of action. *Id.* at 195; *see also Bailey v. United States*, 46 Fed. Cl. 187, 204 (2000) ("Neither res judicata nor collateral estoppel bars jurisdiction in a case if the claim brought in the second suit could not jurisdictionally have been brought in the first case."). Plaintiff's second attempt in the district court found the Government insisting that she transfer her case to the Court of Federal Claims; this was a contract case that she had to bring in this court. As defendant recognized then, Ms. Kroll's case was one of exclusive jurisdiction in the Court of Federal Claims.

---

[2] The common facts include the following: Ms. Kroll submitted the high bid, but refused to close due to subsequent damage to the property; Ms. Kroll was unable to find a qualified management company for the property; and the Invitation for Bid contained alleged misinformation. In each suit, plaintiff has sought the same the relief – the return of her earnest money deposit.

*Misrepresentation*

HUD retained plaintiff's earnest money deposit because Ms. Kroll did not close on the property during the thirty-day period after notification as provided in the contract documents. She attempts several grounds upon which to seek return of the $50,000 earnest-money deposit on Shikallemy Homes. According to the Government, however, plaintiff has not alleged plausible facts in sufficient detail to support her cause of action in this case. *See Ashcroft*, 556 U.S. at 677 ("Threadbare recitals of the elements of a cause of action" are not sufficient in response to a 12(b)(6) motion.).

It appears that the primary claim in this pro se Complaint is misrepresentation by HUD officials. "Proof that a party to a written contract misrepresented material facts potentially can be the basis for a court holding that the contract was never formed" or that "the contract was formed but is void." *Solar Turbines, Inc. v. United States*, 26 Cl. Ct. 1249, 1270 (1992). To support such a claim, Ms. Kroll must show that the Government obtained the contract by knowingly making a false statement upon which she reasonably relied. *See id.*

Plaintiff asserts that the Invitation for Bid contained materially incorrect information regarding property income and expenses, parking, and availability of housing vouchers, and that she relied on this incorrect information when formulating her high bid on the Shikellamy property. She admits that the contract placed the burden on bidders to conduct their own research, but states that the financial information provided by the Government was grossly inaccurate, and she was denied the opportunity to evaluate the property adequately.

The Government cites numerous provisions in the Invitation for Bid and in the attached Acknowledgment by Bidder calling for due diligence by bidders in determining the value of the "as is" property. According to these documents, bidders were not to rely on the information provided by HUD in determining the value of the property.

Ms. Kroll had sole responsibility for calculating an appropriate bid on the property; she could not reasonably have relied on the information provided by HUD where the documents so clearly and explicitly advised against it. When Ms. Kroll signed the Acknowledgment by Bidder, she attested that she had determined the amount of her bid based on her own due diligence. Plaintiff has failed to state a claim for misrepresentation.

*Mutual Mistake*

Plaintiff suggests that her evaluation of the property was based on such grossly inaccurate information from HUD that the parties entered the contract through mutual mistake. To qualify for rescission of the contract based on mutual mistake of fact, plaintiff must show that the contract did not put the risk of the mistake on the party seeking relief. *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994).[3]

---

[3] Other standards pursuant to *Dairyland* are "(1) the parties to the contract were mistaken in their belief regarding a fact; (2) that mistaken belief constituted a basic assumption underlying the

The Government points out that the Invitation for Bid states that the bidder bears any risk of mistake regarding valuation of the property. *See Emerald Maint., Inc. v. United States*, 925 F.2d 1425, 1429 (Fed. Cir. 1991) (holding that mistake is irrelevant where the terms of the contract expressly describe who bears the burdens and assumes the risk). The Acknowledgment by Bidder states that the bid and purchase price are to be based on the bidder's evaluation of the property and not upon any representations by HUD.

The Acknowledgment by Bidder clearly placed the onus on Ms. Kroll to have determined an appropriate bid for the property. Even if the other elements of a claim for mutual mistake are present as plaintiff contends, she bore the risk of mistake according to the terms of the contract. Plaintiff's claim of mutual mistake must fail.

Plaintiff contends that the Government should be equitably estopped from invoking the contractual provisions placing the responsibility on plaintiff to have completed her own due diligence. The Government had "unclean hands," according to Ms. Kroll, and it failed to act in good faith. A key component of equitable estoppel is that the party being estopped must have made representations intended to induce the other party's conduct. *See Solar Turbines*, 26 Cl. Ct. at 1274. The Government cannot have intended to induce an inflated bid on the property when the information HUD provided required that bidders exercise their own due diligence and otherwise disclaimed any responsibility for such information. Further, to apply equitable estoppel to the Government, "some form of affirmative misconduct must be shown in addition to the traditional requirements of estoppel." *Zacharin v. United States*, 213 F.3d 1366, 1371 (Fed. Cir. 2000). Ms. Kroll has not alleged affirmative misconduct on the part of HUD.

*Unilateral Mistake*

Ms. Kroll appears to argue that HUD's approval of her purchase was based on unilateral mistake because it must have assumed that the existing property management company would maintain responsibility for the property after her purchase. Plaintiff explains that she had no prior experience managing HUD property, or for that matter, any multi-family property. HUD must have been counting on the property management company remaining in control of the operations of the building, according to plaintiff. The Department would not have approved her as an "acceptable purchaser" otherwise.

The Government sees no basis for plaintiff's argument, noting that approval of Ms. Kroll as the high bidder "[was] a matter of HUD's sole and unreviewable discretion," according to the terms of the contract. Even if the Government erroneously relied on information that plaintiff provided, or had certain expectations regarding the management of the property, those factors would not provide a basis for Ms. Kroll to rescind the contract. The language of the contract gives HUD the right to approve a high bidder irrespective of such background information.

---

contract; [and] (3) the mistake had a material effect on the bargain." 16 F.3d at 1202.

6

*Contractual Right to Rescind*

Plaintiff claims a contractual right to rescind her offer for the property. She cites Paragraph 11 of the Acknowledgment by Bidder, which she says gives her the right to rescind based on damage to the property. Ms. Kroll's reference to Paragraph 11 leaves out key provisions, however. The section provides that where "substantial damage" occurs between the sale and closing, "HUD, in its sole discretion, may negotiate with the Bidder" to adjust the sale price. If such negotiations fail, the bidder may withdraw the bid and receive return of the earnest money deposit.[4] Ms. Kroll alleges that substantial damage occurred prior to the closing date, but does not describe the damage except to state: "[A] severe weather condition, coupled with vandalism, decreased the property's value 30-35%." Plaintiff alleges that she notified HUD that she would not proceed to closing and requested return of the earnest money deposit.

Ms. Kroll does not claim that she alerted HUD to any of the alleged damage that she argues impacted the value of the property. Nor does she claim to have initiated any negotiations with HUD regarding the state of disrepair, possible adjustments to the purchase price of Shikellamy Homes North, or a request to extend the closing deadline. Plaintiff does not allege that the parties were unable to reach an agreement over an adjustment in the purchase price. She omits from her citations the portions of Paragraph 11 that concern the appropriate procedures for rescinding the bid. Plaintiff did not plead facts to show plausibly that she was entitled to invoke the rescission clause and withdraw her offer without losing her earnest money deposit.

Plaintiff has no legal right to rescind her contract, or to recover her earnest money deposit based on the other legal theories that she has presented. Because this court cannot offer Ms. Kroll relief on the allegations of her Complaint, we do not address plaintiff's claim for interest on her deposit.

## CONCLUSION

Ms. Kroll's contract with HUD contained numerous references to the bidder's burden to conduct due diligence, and it listed admonitions not to rely on the information provided by the Department. In the circumstances, Ms. Kroll could not reasonably have relied on the information contained in the Invitation for Bid. She bore all risks of mistake according to its terms. While the contract did provide an opportunity to negotiate the sales price before closing if certain conditions applied, we do not have sufficient allegations of those conditions.

---

[4] Paragraph 11, Risk of Loss and Rights of Rescission, states: "In the event of any substantial damage to the Project prior to closing by any cause including, but not limited to, fire, flood, earthquake, tornado and significant vandalism other than willful acts or neglect, HUD, in its sole discretion, may negotiate with the Bidder for a reduction in the sales price corresponding to the estimated amount of damages. Such damages shall be added to the Post-Closing repair requirements . . . included in the Invitation. If HUD and the Bidder are unable to agree on the amount by which the purchase price should be reduced or on the amendment to the repair requirements, Bidder may withdraw the bid, in which case HUD will direct the return of the earnest money deposit and any extension fee(s) will be returned."

7

Moreover, plaintiff has not alleged that she followed the process outlined in the contract for doing so.

     Plaintiff was not precluded from bringing suit in this court, but she has failed to state a claim for which we can grant relief. Defendant's motion to dismiss is GRANTED. The Clerk will enter judgment for defendant.

_/s/ Robert H. Hodges_
Robert H. Hodges, Jr.
Judge